FILED: 1/25/2023 9:55 AM
David Trantham
Denton County District Clerk
By: Jessica Juarez, Deputy

CAUSE NO. 23-0684-431

| | | |
|---|---|---|
| VALLEY CREEK CHURCH, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiff,* | § § | |
| V. | § § | DENTON COUNTY, TEXAS |
| BROTHERHOOD MUTUAL INSURANCE COMPANY AND TODD S. CURTIS, | § § § § § | |
| *Defendants.* | § | ____ DISTRICT COURT |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Valley Creek Church, ("Plaintiff"), and files *Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*, complaining of Brotherhood Mutual Insurance Company ("Brotherhood") and Todd S. Curtis ("Curtis") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2, Texas Rules of Civil Procedure 190.3.

### PARTIES

2. Plaintiff, Valley Creek Church, is located in Denton County, Texas.

3. Defendant, Brotherhood Mutual Insurance Company, is a foreign insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon Brotherhood, through its registered agent for service listed with the Texas Department of Insurance: **Corporation Service Company, Cogency Global, Inc., 1601 Elm Street, Suite 4360, Dallas, Texas 75201**. Plaintiff requests service at this time.

4. Defendant Todd S. Curtis is an individual resident of , Texas. Curtis may be served with

*Plaintiff's Original Petition, Jury Demand, and Request for Disclosure*          Page 1 of 17

citation at the address listed with the Texas Department of Insurance: **8473 Emerald Circle, North Richland Hills, Texas 76180**. Plaintiff requests service at this time.

## JURISDICTION

5. The Court has jurisdiction over Brotherhood because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Brotherhood's business activities in the state, including those in Denton County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Curtis because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Denton County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Denton County, Texas because the insured property is located in Denton County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Denton County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiff asserts claims for breach of contract, common law bad faith, negligence, gross nengligence, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiff owns a Brotherhood Mutual Insurance Company insurance policy, number 418501 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 2221 South Loop 288, Denton, Texas 76205 ("the Property").

10. Brotherhood Mutual Insurance Company or its agent sold the Policy, insuring the Property,

to Plaintiff. Brotherhood Mutual Insurance Company represented to Plaintiff that the Policy included water damage coverage. During the policy period from November 24, 2020 to November 24, 2021, the Property sustained extensive damage resulting from a severe freeze in the Denton County, Texas area. Brotherhood assigned a date of loss of February 15, 2021 to Plaintiff's claim.

11. In the aftermath of the freeze, Plaintiff submitted a claim to Brotherhood against the Policy for damage to the Property. Brotherhood assigned claim number 0611472 to Plaintiff's claim.

12. Plaintiff asked Brotherhood to cover the cost of damage to the Property pursuant to the Policy.

13. Brotherhood hired or assigned its agent, Curtis, to inspect and adjust the claim. Curtis conducted an inspection on or about April 27, 2021, according to the information contained in his estimate. Curtis' findings generated an estimate of damages totaling $2,248.99. After application of depreciation and $10,000.00 deductible, Plaintiff was left without adequate funds to make repairs on the entirety of the claim.

14. Brotherhood, through its agent, Curtis, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to underpay coverage.

15. Brotherhood and Curtis have ultimately refused full coverage which includes, but is not limited to, extensive and obvious freeze related damage.

16. Plaintiff was thus forced to spend $212,678.45 to replace the damages which should have been covered under and paid for by the Policy, without any funds being tendered therefore by Brotherhood.

17. Curtis had a vested interest in undervaluing the claims assigned to him by Brotherhood in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of the third-party inspector's as well as the difference in valuation is evidence of unfair claims handling practices on the part of Curtis.

18. Furthermore, Curtis was aware of Plaintiff's deductible prior to inspecting the Property. Curtis had advanced knowledge of the damages he needed to document in order to be able to deny the claim.

19. Curtis misrepresented the actual amount of damage Plaintiff's Property sustained in addition to how much it would cost to repair the damage. Curtis made these misrepresentations as a licensed Texas adjuster with the hope that Plaintiff would rely on his expertise and accept the bad faith estimate as a true representation of the damages. He further misrepresented the cause and nature of the damages sustained by the property.

20. After reviewing Plaintiff's Policy, Curtis misrepresented that the damage was caused by non-covered perils. Curtis used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy.

21. As stated above, Brotherhood and Curtis improperly and unreasonably adjusted Plaintiff's claim. Without limitation, Brotherhood and Curtis misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

22. Brotherhood and Curtis made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Brotherhood and Curtis made these false representations with the intent that Plaintiff acts in accordance with the misrepresentations regarding the grossly deficient damage and

4

repair estimates prepared by Curtis.

23. Plaintiff relied on Brotherhood and Curtis's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations.

24. Upon receipt of the inspection and estimate reports from Curtis, Brotherhood failed to assess the claim thoroughly. Based upon Curtis's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to underpaying coverage, Brotherhood failed to provide coverage due under the Policy, and Plaintiff suffered damages.

25. Because Brotherhood and Curtis failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

26. Furthermore, Brotherhood and Curtis failed to perform their contractual duties to Plaintiff under the terms of the Policy. Specifically, Curtis performed an unreasonable and substandard inspection that allowed Brotherhood to refuse to pay full proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

27. Brotherhood and Curtis's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Defendant and Plaintiff.

28. Brotherhood and Curtis's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (1). Brotherhood and Curtis have failed to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy. Specifically, Brotherhood and Curtis have failed to, in an honest and fair manner, balance their own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

29. Brotherhood and Curtis's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (2) (A). Brotherhood and Curtis failed to provide Plaintiff a reasonable explanation for underpayment of the claim.

30. Additionally, after Brotherhood received statutory demand on or about September 6, 2022, Brotherhood has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

31. Brotherhood and Curtis's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a) (4). Curtis performed a biased and intentionally substandard inspection designed to allow Brotherhood to refuse to provide full coverage to Plaintiff under the Policy.

32. Specifically, Brotherhood and Curtis performed an outcome-oriented investigation of Plaintiff's claims, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

33. Brotherhood's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Due to Curtis subpar inspection,

Brotherhood failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

34. Brotherhood's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Due to Curtis's intentional undervaluation of Plaintiff's claims, Brotherhood failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Curtis's understatement of the damage to the Property caused Brotherhood to delay full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received rightful payment for Plaintiff's claim.

35. Brotherhood and Curtis's wrongful acts and omissions have forced Plaintiff to retain the professional services of the attorneys and law firm representing it with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT BROTHERHOOD MUTUAL INSURANCE COMPANY

36. All paragraphs from the fact section of this petition are hereby incorporated into this section.

### BREACH OF CONTRACT

37. Brotherhood is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Brotherhood and Plaintiff.

38. Brotherhood's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of Brotherhood's

7

insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

39. Brotherhood's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

40. Brotherhood's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (1).

41. Brotherhood's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though Brotherhood's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (2) (A).

42. Brotherhood's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for underpayment and denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (3).

43. Brotherhood's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a) (7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

44. Brotherhood's conduct constitutes multiple violations of the Texas Insurance Code,

8

Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

45. Brotherhood's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

46. Brotherhood's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Brotherhood's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though Brotherhood knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. Brotherhood's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Brotherhood pursuant to the DTPA. Plaintiff has met all conditions precedent to bring this cause of action against Brotherhood. Specifically, Brotherhood's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Brotherhood has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Brotherhood's violations include, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become

  reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.  Brotherhood represented to Plaintiff that the Policy and Brotherhood's adjusting agent and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.  Brotherhood represented to Plaintiff that Brotherhood's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Brotherhood advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  Brotherhood breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b) (12) and (20) and 17.50(a) (2) of the DTPA.

F.  Brotherhood's actions are unconscionable in that Brotherhood took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Brotherhood's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a) (3) of the DTPA; and

G.  Brotherhood's conduct acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

49.  Each of the above-described acts, omissions, and failures of Brotherhood is a producing cause of Plaintiff's damages. All of Brotherhood's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade

10

Practices Act.

## CAUSES OF ACTION AGAINST DEFENDANT TODD S. CURTIS

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

50. All allegations above are incorporated herein.

51. Curtis's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

52. Curtis is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Brotherhood, because Curtis is a "person," as defined by TEX. INS. CODE §541.002(2).

53. Curtis knowingly underestimated the amount of damage to the Property. As such, Curtis failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

54. Furthermore, Curtis did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

55. Curtis's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

56. Curtis's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

### DTPA VIOLATIONS

11

57. All allegations above are incorporated herein.

58. Curtis's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Curtis pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Curtis. Specifically, Curtis's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Curtis has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Curtis's violations include, (1) failure to give Plaintiff the benefit of the doubt and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B. Curtis represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C. Curtis represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D. Curtis's actions are unconscionable in that Curtis took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Curtis's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

   E. Curtis's conduct, acts, omissions, and failures, as described in this petition, are

12

unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

59. Each of Curtis's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions and failures were committed "knowingly" and "intentionally" by Curtis, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## GROSS NEGLIGENCE

60. All allegations above are incorporated herein.

61. Curtis's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

   a. Curtis's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

   b. Curtis had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiff.

62. Curtis intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiff's Property on behalf of Brotherhood. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the third-party inspector estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

13

63. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

### WAIVER AND ESTOPPEL

64. Defendants waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

### DAMAGES

65. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendants' mishandling of Plaintiff's claims in violation of the laws set forth above.

66. Plaintiff was thus forced to spend $212,678.45 to replace the damages which should have been covered under and paid for by the Policy, without any funds being tendered therefore by Brotherhood.

67. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above-described acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

68. For breach of contract, Plaintiff is entitled to regain the benefit of his bargain, which is the amount of his claims, consequential damages, together with attorney's fees.

69. For non-compliance with the DTPA and Texas Insurance Code, Unfair Settlement

Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times his actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b) (1).

70. For non-compliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of his claims, plus an eighteen percent (18%) per annum penalty on those claims, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

71. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount Brotherhood owed, exemplary damages, and damages for emotional distress.

72. Defendants' breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct that the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

73. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance

Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

74. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(b)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief over $250,000.00 but not more than $1,000,000.00, including interest statutory or punitive damages and penalties, and attorney fees and costs. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

75. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within thirty (30) days from the date the first answer is filed, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

76. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Denton County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, Brotherhood Mutual Insurance Company and Todd S. Curtis, be cited and served to appear and that upon trial hereof, Valley Creek Church, recovers from Defendant, Brotherhood Mutual Insurance Company and Todd S. Curtis such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as

to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff may show it is so justly entitled.

Dated: January 25, 2023

Respectfully submitted,

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Jay Scott Simon
Bar No. 24008040
CHAD T. WILSON LAW FIRM PLLC
455 E Medical Center Blvd, Ste 555
Webster, Texas 77598
Telephone: (832) 415-1432
**cwilson@cwilsonlaw.com**
**jsimon@cwilsonlaw.com**

ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelby Myska on behalf of Chad Wilson
Bar No. 24079587
smyska@cwilsonlaw.com
Envelope ID: 72118575
Status as of 1/25/2023 2:53 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Shelby Myska | | smyska@cwilsonlaw.com | 1/25/2023 9:55:03 AM | SENT |
| Jay Scott Simon | 24008040 | jsimon@cwilsonlaw.com | 1/25/2023 9:55:03 AM | SENT |